JOHN A. BURPEE, Applt.,

*vs.*

SAMUEL A. BURPEE AND RICHARD H. BURPEE, Appellees.

Knox.    Opinion October 10, 1912.

*Appeal.   Bequest.   Decree.   Device.   Executors.   Fraud.   Jurisdiction.*
*Power of Attorney.   Testator.   Trust.   Trustees.   Will.*

An appeal from a decree of the Judge of Probate of Knox County, appoint-
ing Samuel A. Burpee, Trustee under the will of Samuel H. Burpee, who
died testate in May, 1906, leaving six children, four sons and two daugh-
ters.   The fifth item of the will is as follows:

"Fifth—I hereby nominate and appoint my sons Samuel A. Burpee, Charles
E. Burpee, Richard H. Burpee and John A. Burpee, executors of this will
and hereby direct that no bond be required of them, nor shall they be
required to return inventory or settle account in either capacity as Execu-
tors or Trustees."

The four sons named in the will as executors and Trustees never qualified
as trustees by giving bonds as required by statute, and their nomination
as trustees was never confirmed by the Judge of Probate.   But during
the four years succeeding the death of the testator, the affairs of the
estate appear to have been managed by the appellee Samuel A. Burpee
with the acquiescence of his co-executors.

In March, 1907, a power of attorney was given to the appellant by the
executors to collect and distribute the income of the estate, but was sur-
rendered by the appellant upon complaint of the co-executors that he had
exceeded his authority thereunder and abused his trust.

Soon after the withdrawal of this power of attorney, the appellant and his
brother Charles filed a petition in the Probate Court asking that they be
appointed Trustees and thereupon the appellee and his brother Richard
filed a similar petition as to themselves.   After a full hearing the Judge
of Probate appointed the appellee Samuel A. Burpee to be sole trustee.

John A. Burpee appealed from this decree and filed thirteen reasons.   But
the evidence introduced in support of the appeal fails to substantiate any
of the objections stated in the reasons of appeal.

The question of the jurisdiction and authority of the Judge of Probate to
appoint a sole trustee under this will in which four were named as trus-

tees by the testator, but none of them qualified, is not one specifically raised by the reasons assigned for the appeal and hence is not now before the court.

It is a well settled and familiar rule in this State that on such appeals the appellant is strictly confined to such matters and questions as are specifically stated by him in his reasons for appeal.

On appeal from a decree of the Judge of Probate. Appeal dismissed. Decree below affirmed.

This is an appeal from a decree of the Judge of Probate of the County of Knox, appointing the appellee Samuel A. Burpee, trustee under the will of his father, Samuel H. Burpee, who died testate in May, 1906, leaving six children, four sons and two daughters. The four sons named in the will as executors and trustees never qualified as trustees as required by law and their nomination as trustees was never confirmed by the Judge of Probate. Later, upon the petition of the appellee and his brother Richard, the appellee Samuel A. Burpee was appointed by the Judge of Probate sole trustee, from which decree the appellant appealed.

The case is stated in the opinion.

*R. I. Thompson,* for appellant.

*E. B. Burpee,* for appellees.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, KING, BIRD, HALEY, JJ.

WHITEHOUSE, C. J. This is an appeal from a decree of the Judge of Probate of Knox County, appointing the appellee Samuel A. Burpee trustee under the will of his father Samuel H. Burpee, who died testate in May 1906, leaving six children, four sons and two daughters. The second and fifth items of the will are as follows:

"Second—I give, bequeath and devise, in trust, for and during the term of ten years after my decease, to my sons, Charles E., Samuel A., Richard H., and John A. Burpee, all the real estate that I may own or die possessed of, and all the stock that I own or may own in the N. A. and S. H. Burpee Furniture Company, to have, to control, and manage, giving unto the said trustees the authority to sell, if in their judgment it shall be necessary, all and

any of the property thus conveyed in trust, for the use and benefit of all my children, viz:—the aforesaid Charles E., Samuel A., Richard H., and John A. Burpee and my daughters Annie T. Tyler and Kittie B. French.

"Said trustees are hereby charged to distribute annually the rents, profits and income of all the estate hereby conveyed in trust, in equal proportions, to each of my said children during the term, and at the termination of said trust, I hereby give, bequeath and devise all the estate herein conveyed in trust in equal parts to the said Charles E., Samuel A., Richard H., and John A. Burpee, in fee simple and absolutely share and share alike.

"Fifth—I hereby nominate and appoint my sons, Samuel A. Burpee, Charles E. Burpee, Richard H. Burpee and John A. Burpee, executors of this will and hereby direct that no bond be required of them, nor shall they be required to return inventory or settle account in either capacity as executors or as trustees."

It appears that the estate consisted of 120 shares of the capital stock of the N. A. & S. H. Burpee Furniture Company, and an undivided half of a brick block on Main Street in Rockland; and it was claimed in behalf of the appellee, and there was evidence tending to show, that the business of the Furniture Company was so thoroughly organized, and systematically conducted by an experienced and competent manager, that ordinarily the only service required of the trustee in practically discharging the trust after the death of the testator, was to collect the income and disburse it according to the terms of the will.

The four sons named in the will as executors and trustees, never qualified as trustees by giving bonds as required by statute, and their nomination as trustees was never confirmed by the Judge of Probate. But during the four years succeeding the death of the testator, the affairs of the estate appear to have been managed by the appellee, Samuel A. Burpee, with the acquiescence of his co-executors, except that in March 1907, a power of attorney was given to the appellant by the executors to collect and distribute the income of the state; but this was surrendered by the appellant not long thereafter upon complaint of the co-executors that he had exceeded his authority thereunder and abused his trust.

Soon after the withdrawal of this power of attorney, the appellant and his brother Charles filed a petition asking that they be appointed trustees and thereupon the appellee and Richard filed a similar petition as to themselves. After a full hearing, the Judge of Probate appointed the appellee Samuel A. Burpee to be sole trustee.

In support of the appeal taken from this decree, the appellant John A. Burpee assigns thirteen reasons. But the evidence introduced in support of the appeal fails to substantiate any of the objections stated in the reasons of appeal which would constitute sufficient cause for reversing the decree below whereby Samuel A. Burpee was appointed sole trustee. His interests in the successful management of the estate were identical with those of the other heirs, and whatever would benefit or injure him must have the same effect upon them. There is abundant evidence to show that Samuel A. Burpee who has for many years been a director in the Rockland Trust Company and also in the Rockland Loan and Building Association, is a man of integrity and good business capacity and thoroughly competent to discharge the duties of the trust. This is not denied in the testimony of any of the heirs, and it is expressly admitted by them all, that barring some heated discussions respecting the necessity of an investigation of the accounts of the Furniture Company prior to the death of the testator, and the wisest policy to pursue in the management of some of the affairs of the estate since his decease, the attitude of Samuel A. towards all of his brothers and sisters has uniformly been friendly, and his treatment of them helpful, kindly and just.

There seems to have been no sufficient ground for dissatisfaction or complaint in regard to the management of the Furniture Company either before or after the death of the testator. It is evident from the practical results that the business of the Company had been financially successful from the beginning, but much larger dividends have been paid since the death of the testator than before. Indeed there is ground for the inference that that primary cause for the complaints on the part of the appellant and his brother Charles and sister Annie, was a feeling of dissatisfaction with the terms of the will creating a trust for ten years, and a purpose to make the situation so uncomfortable that a proposition to purchase

their interests would be made by the appellee and the other heirs. The appellant admits that he made a suggestion of that kind for the purpose of preventing further litigation.

Under the conditions of his appointment, the appellee is performing all the duties of the trust without compensation. The evidence fails to show the existence of any such "hopeless division of sentiment" or feelings of "mutual distrust," as will interfere with the proper and successful conduct of the affairs of the estate by the present trustee. Nearly two-thirds of the ten years named in the will as the limitation of the trust, have already expired, and it is manifestly for the interest of all the heirs that there should be no change in the present management.

The question of the jurisdiction and authority of the Judge of Probate to appoint a sole trustee under this will in which four were named as trustees by the testator, but none of them qualified, is one not specifically raised by the reasons assigned for the appeal, and hence is not now before the court. In *Hughes* v. *Decker,* 38 Maine, 153, it was distinctly held that on an appeal from the decree of a Judge of Probate, the question of his jurisdiction in the case cannot arise, in the absence of fraud, unless it is embraced in the reasons assigned for the appeal. And it is a well settled and familiar rule in this State on such appeals that the appellant is strictly confined to such matters and questions as are specifically stated by him in his reasons of appeal. *Gilman* v. *Gilman,* 53 Maine, 184; *Bradstreet* v. *Bradstreet,* 64 Maine, 204; *Barnes* v. *Barnes,* 66 Maine, 286; Thompson, Apt., 92 Maine, 563.

The certificate must accordingly be,

*Appeal dismissed.*
*Decree below affirmed.*